### SMALL and others *vs.* SMITH.

Where a promissory note endorsed by the payee, for the accommodation of the maker, is negotiated by the latter in violation of an agreement between them, the holder cannot recover against such endorser unless he received the note in good faith, for a valuable consideration and without notice of the arrangement.

Where it was a material question on the trial whether the plaintiffs became the holders of the note sued on under such circumstances as to preclude the defence of the defendant, an accommodation endorser ; and it was proved that the plaintiffs obtained it from the maker on an application for security for a precedent debt of a larger amount, which the maker owed them, and no agreement that it should operate as payment was shewn, and the judge charged that it was a question for the jury whether it was received in payment and satisfaction or not; *held* erroneous, there being no evidence to support a finding that it was received in payment.

Where the holder of a note received it from the maker with notice that one of the endorsers had become such under some arrangement or condition which had not been complied with ; *held,* that he took it subject to such arrangement ; and it appearing that the endorsement was made on condition that it should not be used until a particular act beneficial to the endorser had been performed, which had not been done ; *held further,* that the holder could not recover against the endorser.

ASSUMPSIT, on a promissory note, by endorsees against endorser, tried at the Steuben circuit in October, 1843, before MONELL, late C. Judge. The plaintiffs gave in evidence a note made by one Hulburt, dated July 16th, 1841, for $1000 and interest, payable to the defendant's order at the Bank of Geneva, one year from date, endorsed by the defendant and by one Austin. The plaintiffs having proved the note and given evidence to charge the defendant as endorser, rested. After a question respecting the notice of non-payment had been disposed of favorably to the plaintiffs, the defendant called and examined Hulburt, the maker, as a witness. He testified that before the giving of the note, Small, one of the plaintiffs, called upon him at his residence in Vienna, Ontario county, to obtain security for a debt which the witness owed to the plaintiffs, who were merchants in New-York, and that it was agreed between them that Small should take a note at one year with the defendant as surety, if the witness could procure him to become such surety

that Small was going farther west, to return in a few days, and that in the mean time the witness, pursuant to an understanding between him and Small, went to Cohocton, where the defendant resided, to procure him to become his surety; that the defendant at first refused to become endorser, but finally endorsed the note in question under an agreement that the witness should procure one Austin, who held a note against the defendant, to deposit it with Thomas Beals, of Canandaigua, to remain there until the defendant's liability as the endorser for the witness should cease, and that the witness might then deliver this note to Small; but until such arrangement was made respecting the defendant's note, the one endorsed by the defendant was not to be used, and the defendant was to have immediate notice of the arrangement if it was carried into effect; that the witness returned and called upon Austin, who declined to enter into the arrangement, but the note in question was left on the table in Austin's office.   The witness said he next met Small, after his return, at the office of Austin, where Small had arrived before him and was conversing with Austin.   Small said to the witness that he and Austin had arranged the matter, and that Austin had let him have the note.   The witness then asked Austin, in Small's presence, whether the condition exacted by the defendant had been complied with.   Austin did not reply; but Small said he had prevailed upon Austin to give his own endorsement on the note, and that it had been delivered to him, Small; and there was no other conversation.   The witness also testified that the debt which he owed the plaintiffs was larger than the note in question by two or three hundred dollars, and that it was agreed by Small that if the witness was defeated in a law suit in which he was then engaged, the plaintiffs should throw off the balance beyond the note; but if the witness prevailed in that suit, he was to pay the whole debt; that no receipt was given for the note.   It appeared that the defendant had paid the note held by Austin, which was to have been deposited with Beals.

W. Paul was also examined as a witness on behalf of the defendant, and testified that he was in Austin's office at the intr-

Small v. Smith.

view mentioned by Hulburt, and heard Small remark to Hulburt that he and Austin had got that matter arranged; upon which Hulburt said to Austin, that he supposed he, Austin, had not turned out the note without complying with the defendant's request; that Austin made no reply, but Small said he had prevailed upon Austin to endorse the note and relieve the defendant.

The defendant's counsel requested the court to charge the jury, that unless the note was received by the plaintiffs in *discharge* of their debt against Hulburt, they were not *bona fide* holders, and it was subject in their hands to any defence arising out of the manner in which it had been negotiated, and having been passed off in violation of the condition imposed by the defendant, the plaintiffs could not recover; that if the plaintiffs, when they received the note, had notice that the defendant's endorsement was made upon any condition, they were bound to inquire into the terms of such condition; that Austin had no authority to deliver the note until he had first complied with the condition attached to the defendant's endorsement, and that the circumstances attending the negotiation of the note to the plaintiffs were such as to discharge the defendant from any liability thereon.

The judge charged the jury that the plaintiffs were presumed to be lawful holders of the note until some defence should be shewn; that if it appeared to them that the endorsement of the defendant was made subject to an agreement which defeated his liability, and that such agreement was known to the plaintiffs, they were not *bona fide* holders of the note; but that it was incumbent on the defendant to shew affirmatively that the plaintiffs knew of such agreement before they received the note; that if the note was taken by the plaintiffs in satisfaction and payment of their debt against Hulburt, it would be a sufficient consideration and would constitute them *bona fide* holders, unless the defendant had shewn that the plaintiffs knew of the terms and conditions of the defendant's endorsement before they received it in satisfaction of said debt, and that an agreement to release the defendant as endorser after they had received the

note in satisfaction of the debt would be of no legal effect unless there was a consideration for such agreement; and he declined to charge otherwise upon the propositions submitted.

The defendant's counsel excepted to the charge, and to the refusal to charge as requested. The jury found a verdict for the plaintiffs. The case came before this court on a bill of exceptions.

*J. Edwards,* for the defendant.

*A. S. Johnson,* for the plaintiffs.

*By the Court,* BEARDSLEY, J. If the evidence given on the trial was true, and that was for the jury to determine, it is perfectly clear that the note was delivered to the plaintiffs in violation of the agreement upon which it had been endorsed by the defendant. The plaintiffs therefore were not entitled to recover, unless they received it *bona fide* and upon a valuable consideration. Both were necessary. It must have been received in good faith, without notice of the arrangement on which the endorsement had been made, and the transfer must have been upon what the law regards as a valuable consideration.(a) These principles admit of no dispute; and although upon some points of commercial law in close proximity to those I have stated, discordant opinions may be found, (*Stalker* v. *McDonald,* 6 *Hill,* 93, *Swift* v. *Tyson,* 16 *Peters,* 1,) there is entire harmony as to those I have mentioned.

The judge charged that if the plaintiffs received the note in payment and satisfaction of a debt due to them from Hulburt, the maker of the note, that was a sufficient consideration for its transfer, and they thereby became purchasers for value. This, as a legal proposition, is not questioned; but the bill of exceptions fails to show any evidence to which this principle could be applied. There was no proof which tended to show that the note had been transferred in extinguishment of the debt of Hul-

---

(a) See *Wardell* v. *Howell,* (9 *Wend.* 170.)

burt. The judge, therefore, in my view of the case, erred in submitting that question to the jury.

But I shall not dwell on this point, for the case may be disposed of on the question of good faith.

It appears by the testimony of Hulburt, that he was indebted to the plaintiffs in a sum exceeding the amount of this note, and that Small, one of the plaintiffs, came to Vienna, where Hulburt resided, to secure payment of said debt. Small proposed to Hulburt to give a note at one year with security, and the defendant, who lived in another county, was spoken of for that purpose. Small said he would take the defendant as surety, and it was arranged that while Small was absent, (as he was going west for a few days,) Hulburt should go to the defendant's residence in order to obtain him as such surety. Pursuant to this arrangement Hulburt went to see the defendant, and told him what he wanted. At first the defendant refused to endorse, but it was finally agreed between them that he would endorse the note upon condition that one Austin, who then held a note given by the defendant, should deposit the same with a third person, there to remain until the defendant should be discharged from said endorsement. The note in question was accordingly signed by Hulburt and endorsed by the defendant, but it was not to be transferred to Small, or used in any manner, until the one held by Austin had been deposited under said arrangement. Hulburt returned with the note to Vienna, where Austin lived, and told him of the arrangement under which the endorsement had been made. Austin declined to comply with that arrangement, but Hulburt, as he states, left the note in suit on Austin's table, and did not see it again until Small had returned to Vienna. Hulburt first saw Small after his return at Austin's office, where, on arriving at the office, according to the testimony of Hulburt, Small said to him—"We have fixed that matter, and Mr. Austin has let me have the note." The witness then inquired of Austin, in Small's presence, in what manner the note had been turned out, and whether the arrangement of the defendant had been complied with—to which Austin made no answer—but Small said he had prevailed on Mr. Aus-

tin to endorse the note and he had got it.   This, according to the witness Hulburt, was all which passed at that time.   Another witness, (Paul,) who was present, said the remark of Hulburt to Austin was, that he supposed he had not turned out the note without complying with the request of Mr. Smith, the defendant—to which Austin made· no answer—but Small said he had prevailed on Mr. Austin to endorse the note and had released Mr. Smith.

It is not material which of these witnesses was correct as to the form of the remarks made at that time.   Both come to the same result; for what was· said, according to the statement of either witness, was full notice to Small ·that the endorsement had been procured upon some arrangement or condition which had not been complied with.   Here, then, Small had actual notice that the endorsement was conditional; and if the note was subsequently transferred to him, he would necessarily take it subject to that condition.   When this notice was given, the note was in Small's hands.   He had received it as he said of Mr. Austin.   But it cannot be pretended he had received it of Austin upon any consideration moving between them.  Indeed, the first remark of Small to Hulburt, and all that was said on that occasion, goes to show that whatever might have been done by Austin had been done for Hulburt and not for himself, and in furtherance of the negotiation which had been commenced between Hulburt and Small.   It is not shown that Austin had authority from Hulburt to transfer this note to Small on any terms, although it may be inferred that he was authorized to do so, on complying with the condition upon which the defendant's endorsement had been made.   Small did not set up that he had received the note as the property of Austin, and the whole transaction shows he did not.   He could not, therefore, upon the facts as disclosed by the witnesses, pretend that he had acquired title to the note in any manner before he was apprised by Hulburt that the endorsement was made on a condition which had not been performed.   It is more a matter of inference than of any thing like direct proof, that Hulburt at any time assented to the transfer of the note to Small; but if

he did so, after notice to Small of the condition on which the endorsement had been made, it is plain that the plaintiffs ought not to recover, as the condition has never been performed. If the plaintiffs claim as purchasers of the note from Austin, they are met by two objections: *first*, Small, one of the plaintiffs, was aware that the note belonged to Hulburt and not to Austin; and, *secondly*, it is not shown that the plaintiffs paid or advanced any thing to Austin, or that any consideration passed between them for the transfer of the note. And as to Hulburt, if he assented to the transfer of the note to Small, it was after explicit notice that the endorsement was conditional, as is proved by the testimony of both Paul and Hulburt. Had the case been put to the jury upon the point of notice, with suitable explanations, there is no doubt what the verdict should and would have been, unless these witnesses were wholly discredited. I think the case was not so submitted to the jury, and that it should be sent back for a new trial.

New trial granted.