## WING v. GLICK ET AL.

1. **Contract:** MADE BY OFFICER OF CORPORATION: PERSONAL LIABILITY ON. A contract containing the words "we promise to pay," and signed by two persons describing themselves respectively as "president school board" and "secretary school board," but which contained no reference to any school district, was held to be the personal obligation of the signers, who could not show by parol evidence that such was not in fact the intention.

| 56 | 473 |
| 82 | 294 |
| 56 | 473 |
| 85 | 641 |
| 56 | 473 |
| 90 | 732 |
| 56 | 473 |
| 100 | 722 |

*Appeal from Jones District Court.*

MONDAY, JUNE 20.

THIS action was brought to recover of the defendants, W. H. Glick and I. B. Southwick, as makers of a contract which is in these words:

"STATE OF IOWA, COUNTY OF JONES, ⎰
TOWNSHIP OF HALE. ⎱

"*Mr. S. J. Wing, 132 South Clarke St., Chicago, Ill.*

"DEAR SIR: Please deliver to W. H. Glick at his residence nine sets of national business and primary charts at $36.00

per set, $324.00, and we agree to pay for said goods on the first day of March, 1879, with interest at six per cent after due.

"I. B. SOUTHWICK,                    W. H. GLICK,
    Sec'y School Board.              Pres. School Board."

The defendants for answer do not deny the execution of the contract, but they say that the same was not executed as their contract, but the contract of the District Township of Hale.

There was a trial by jury and a verdict and judgment were rendered for the defendants. The plaintiff appeals.

*W. I. Chamberlin* and *Herrick & Doxsee*, for appellant.

*J. W. Jamison*, for appellees.

ADAMS, CH. J.—The defendants were allowed to show by parol evidence that the contract was executed as the contract
1. CONTRACT: of the District Township of Hale. The plaintiff
made by offi-
cer of corpor- insists that the court erred in allowing such evi-
ation : per-
sonal liability dence, because the effect was to add to the terms,
on.
and change the effect of, a written instrument.

It will be observed that the District Township of Hale is not mentioned in the contract, nor are any words, letters or abbreviations used with the design of indicating such district township. Most clearly such district township cannot be said to be a party to the contract so far as its terms are concerned. It follows that unless the contract can be held to be the contract of the defendants it is the contract of no one. But we are not allowed to so construe a contract as to deprive it of all force if it is susceptible of any other reasonable construction.

If the defendants had not appended to their signatures a description of themselves it would have been abundantly evident that they intended to assume a personal obligation. The language of this contract is "we agree to pay," etc. But the description alone will not enable them to evade the obliga-

tion. It is well settled that where a person in executing a contract describes himself as agent without disclosing his principal the contract becomes the personal obligation of the maker and no one else. *Kenyon v. Williams*, 19 Ind., 44. The case before us is not essentially different. The defendants describe themselves as officers, but the contract neither shows nor indicates the corporation of which they are officers. Some authorities have gone so far as to hold that the officer incurs a personal obligation, even where in the description of himself he fully sets out the corporation of which he is an officer. In *Honeshill Mut. Fire Ins. Co. v. Newhall*, 1 Allen, 130, the note upon which the action was brought was signed, "Cheever Newhall, President of the Dorchester Avenue R. R. Co." As the note contained no words in the body thereof purporting to bind the Dorchester Avenue R. R. Co., it was held to be the personal obligation of the maker. The same rule was held in *Fiske v. Eldridge*, 12 Gray, 476, where the note was signed "John S. Eldridge, Trustee of Sullivan R. R.;" and in *Sturdivant v. Hall*, 59 Me., 172, where the maker described himself as "Treasurer of St. Paul Parish;" and in *Barker v. Mechanics' Fire Ins. Co.*, 3 Wend., 94, where the maker described himself as "President of the Mechanic's Fire Ins. Co.;" and in *Powers v. Briggs*, 79 Ill., 493, where the makers described themselves as "trustees of" a specified church; and *Moss v. Livingston*, 4 Comst., 208, where an acceptor described himself as "President of Rosendale Manufacturing Company." See also *Hayes v. Crutcher*, 54 Ind., 260, and *Gregory v. Ligh*, 33 Texas, 813.

The defendants rely upon *Lacy v. Dubuque Lumber Company*, 43 Iowa, 510. Whether that case can be reconciled with the cases above cited we need not determine. Conceding that it holds a very different rule it is not authority for the defendants. The note in that case, it was held, appeared *upon its face* to be the obligation of the defendant corporation, at least with an explanation of abbreviations used.

In our opinion the defendants in the case at bar in executing the contract assumed a personal obligation, and it was not proper, we think, to allow them to show by parol that such was not in fact the understanding.

                                                   REVERSED.