## WILLIAM L. DAVIS *vs.* WILLIAM H. ENGLAND.

Suffolk.    March 11. — May 8, 1886.    W. ALLEN & HOLMES, JJ., absent.

A promissory note, in the form "I promise to pay," and signed by "E., Pres. and Treas., C. Company," is the note of E., and not of the C. Company.

In an action against E. upon a promissory note, signed by "E., Pres. and Treas., C. Company," and payable to the order of the plaintiff, the answer to which contains a general denial, and alleges that there was no consideration for the note, oral evidence is inadmissible to show that, at the time the note was given and afterwards, it was understood and agreed by the parties that the note was the note of the C. Company.

CONTRACT upon a promissory note for $1000, in the form "I promise to pay," payable to the order of the plaintiff, and signed by "W. H. England, Pres. and Treas., Chelsea Iron Foundry Company." The answer contained a general denial; and alleged that there was no consideration for the note. Trial in the Superior Court, before *Rockwell,* J., who allowed a bill of exceptions, in substance as follows:

The plaintiff put in evidence the note; and the defendant, who was the president and treasurer of a corporation called the Chelsea Iron Foundry Company, organized under the laws of the State of New York, and having its usual place of business in Chelsea, in this Commonwealth, admitted that the signature upon the note was made by him, and that the note was delivered by him to the plaintiff. The plaintiff thereupon rested his case.

The defendant then offered evidence tending to show that the consideration of said note was goods sold and delivered by the plaintiff to the Chelsea Iron Foundry Company.

The plaintiff objected to the introduction of such evidence, under the pleadings; and asked the judge to rule that the evidence was immaterial and incompetent, under an answer alleging that there was no consideration for the note. The judge declined so to rule, and admitted the evidence.

The defendant then introduced a long bill of items, covering many different articles, the bill being headed " Chelsea Iron Foundry Company bought of William L. Davis," to which was annexed a receipt signed by the plaintiff, and another piece of paper with figures upon it, not signed by anybody. The original bill footed up $2339.71, but there were a number of erasures and corrections upon it. The unsigned slip of paper had upon it the figures $1953.75; underneath these figures, the figures $503.59, prefixed by the word " paid"; and underneath both, the figures $1450.14; underneath the last figures were the word " add " and the figures $20, followed by the letters " disc." ; and at the bottom, the words "Due W. L. Davis." The receipt was as follows : " Chelsea, Mass., July 19, 1883. Received from the Chelsea Iron Foundry Company fourteen hundred and seventy dollars, of which $1450 is in pay't of mdse. rec'd by them, and $20 for amount of interest on note of $1000 [the word " their " being interlined before the word " note "], four months at 6 per cent, $1470. W. L. Davis."

The plaintiff objected to the introduction of these papers, for any purpose. The defendant thereupon stated that he introduced the evidence to show that the consideration upon which the note was based went to the Chelsea Iron Foundry Company, and not to the defendant; and for the further purpose of showing and proving that, at the time and after the note was given,

it was understood, intended, and agreed by both parties that the note was the note of the Chelsea Iron Foundry Company. The judge admitted the evidence, and the papers were shown to the jury. The defendant then was permitted, against the objection of the plaintiff, to testify as to the meaning of the words appearing upon the papers introduced, that the $1000 note mentioned in the receipt was the note in suit, and that the $20 set forth in the receipt and paper was the discount on the note in suit; that the plaintiff had never claimed this note to be the note of the defendant, until the time this action was brought.

Further evidence on the same points was introduced, under objection, through the deposition of W. H. Braine, one of the employees of the company, in charge of its works in Chelsea, which was that the goods mentioned in the bill of parcels were furnished to the company by Davis, and used by it; and that the plaintiff had never claimed to hold anybody but the company upon the note, until the bringing of this action.

The plaintiff asked the judge to rule, as matter of law, that no evidence of what the intent of the parties was in making the note was competent to affect the contract set forth in said note. The judge declined so to rule; and, among other things, instructed the jury as follows:

" The signature makes it in law the note of the defendant. . . . . The defendant contends that he has proved to you, and has offered evidence, which you ought to believe, that it was always understood between him and the plaintiff, and agreed, that this note was the note of the Chelsea Iron Foundry Company, and not the note of William H. England, and there has been some evidence upon that; but it is not for the court to go through with that testimony. . . . .

" There is no doubt what the consideration of this note was. It appears that the note was given, and it is my duty to say to you that the defendant gave this note in settlement of an account; he has a right to give it, and can bind himself by it, and the other party has a right to take it. All the evidence having gone in, it is for you to decide whether there was any such agreement to alter the effect of this note. If there was any effectual agreement, altering the legal effect of that note, then the plaintiff has not a right to recover."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*C. W. Bartlett,* for the plaintiff.

*L. M. Child,* for the defendant.

MORTON, C. J. The learned justice who presided in the Superior Court rightly ruled that the note sued on is the note of the defendant, and not of the Chelsea Iron Foundry Company. *Tucker Manuf. Co.* v. *Fairbanks,* 98 Mass. 101. But it was erroneous to admit oral testimony to show that, at the time the note was given and afterwards, it was understood and agreed by the parties that the note was the note of the Chelsea Iron Foundry Company.

Neither the pleadings nor the evidence raised the question whether the note had been discharged by any subsequent agreement. The note, being a written contract, is to be construed by the court. It is in law the contract of the defendant; and the ruling that the defendant might show, by oral testimony, that the parties understood that it was the note of the Chelsea Iron Foundry Company, violated the settled rule of law that a written contract cannot be controlled or varied by oral testimony.

*Exceptions sustained.*