DECIDED IN

# THE SUPREME COURT

OF THE

## STATE OF WASHINGTON.

[No. 2404. Decided April 6, 1897.]

KATHERINE MURRAY, *Respondent*, v. B. F. REED, *Appellant*.

PROMISSORY NOTE — DEFENSES — PURCHASER WITH NOTICE — TENDER.

One who acquires a negotiable note after maturity with notice of defenses thereto stands in no better position than the payee himself.

Where a promissory note has been executed for the purpose of covering the indebtedness of the maker to the payee, and with the understanding that when the exact amount of indebtedness should be ascertained a new note would be substituted for the original note, a tender of the new note is a pro tanto defense to an action on the original note by a purchaser after maturity, with notice of the agreement; and it is not necessary, in such case, that the tender should be kept good.

Appeal from Superior Court, Kittitas County.—Hon. CARROLL B. GRAVES, Judge. Reversed.

*Kauffman & Frost*, for appellant.

*Frank H. Rudkin*, for respondent.

If the note in question was to be paid or discharged by the substitution of another, and testimony was competent

(1)

to prove this fact, it would nevertheless be necessary not only to make a tender of the new note in accordance with the agreement, but, in addition thereto, the tender must be kept good and the money or thing tendered produced in court. *Brooklyn Bank v. DeGrauw*, 23 Wend. 342 (35 Am. Dec. 569); *Town v. Trow*, 24 Pick. 168; *Bissell v. Heyward*, 96 U. S. 580.

The opinion of the court was delivered by

GORDON, J.—In January, 1892, the appellant executed his promissory note in the sum of $3,000, payable six months after date, and delivered the same to C. I. Helm, payee therein named. Thereafter said note was indorsed and delivered to one David Murray, and subsequently, before the commencement of this action, was by him indorsed and delivered to the respondent, his wife, who brought the present action. At the trial appellant offered evidence tending to show that at the time of executing the note he was indebted to Helm, the exact amount of which indebtedness was not then known and could not be ascertained until the termination of certain business transactions then pending between them; that the note was executed and delivered at Helm's request, upon the express understanding and agreement that, when the amount of indebtedness should be ascertained and determined, a new note should be given for such true amount and substituted for the note in suit. Helm thereafter delivered this note to Murray as collateral security, and fully informed him of the agreement between himself and the appellant with reference to substituting a new note when the amount of appellant's indebtedness to him should be ascertained. To this arrangement Murray assented and agreed to be bound. Subsequently, it was ascertained that the indebtedness actually owing to Helm by the appellant was about $1,600,

and thereupon appellant executed a note in that sum and delivered the same to Helm who, in turn, indorsed and tendered it to Murray, and requested the return of the note in suit, which was refused. It was conceded at the trial that the respondent came into possession of the note with full knowledge of the facts here stated, and after the maturity of the note. Appellant, having rested his case, the court, upon motion of respondent's counsel, directed a verdict in her favor, and from a judgment entered thereon the defendant appealed.

It is obvious that had the note remained in the hands of Helm the defense, which the evidence above referred to tended to establish, would have been complete, and it seems equally clear that where one purchases a note with notice he is in no better position than the payee himself. 3 Randolph, Commercial Paper, § 1876; *Small v. Smith,* 1 Denio, 583.

The objection that the tender of the note should have been kept good is not pertinent. The appellant complied strictly with the terms of his agreement and executed and delivered a new note in accordance therewith. The failure of Helm to keep the tender good can be of no consequence, since it was no part of the duty devolving upon appellant.

We think the learned trial judge erred in directing a verdict, and the judgment will be reversed and the cause remanded for a new trial.

ANDERS, REAVIS and DUNBAR, JJ., concur.