[No. 2681. Decided December 6, 1897.]

H. O. SHUEY, as Receiver of Seattle Savings Bank,
        Respondent, v. GEORGE B. ADAIR, Appellant.

PROMISSORY NOTES — EXECUTION BY AGENT — UNDISCLOSED PRINCIPAL
    —LIABILITY OF PARTIES — PAROL TESTIMONY TO ESTABLISH AGENCY.

An agent who executes a promissory note in his own name,
    with nothing on the face of the instrument disclosing his agency,
    cannot introduce parol evidence to exonerate himself from liabil-
    ity on the ground that the note was executed in behalf of his prin-
    cipal, and that the payee was aware of the relation of the parties
    and of the intent with which the instrument was executed.

In an action by the holder against the maker of a promissory
    note, the latter can not, on the ground that he executed the note
    as an agent, require the alleged principals to be made party de-
    fendants, since the holder cannot be forced to sue any other
    parties than those disclosed by the instrument itself.

In an action upon a promissory note, the fact that the holder
    proposed to third parties after its maturity to take tneir note
    in place of defendant's, constitutes no defense, when the agree-
    ment was without consideration and unexecuted.

In an action upon a promissory note, the maker's plea of want
    of consideration for its execution is demurrable, when such de-

fense can be established only by permitting the introduction of parol evidence to the effect that the maker executed the note as agent for another.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Affirmed.

*McCutcheon & Gilliam*, for appellant.

*Clise & King*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The appellant executed to the Seattle Savings Bank the following note:

"$2000.00.            Seattle, Wash., May 6th, 1892.

" One year after date, without grace, for value received, I promise to pay to the order of the Seattle Savings Bank, at the banking-house of said bank, in the city of Seattle, the sum of two thousand dollars, with interest at the rate of ten per cent. per annum payable semi-annually from date hereof until paid. And if suit shall be commenced for the recovery of any amount due upon this note, I agree to pay an attorney's fee of fifty dollars.
" No. 230.                        " GEO. B. ADAIR,
" Due May 6th, 1893.        " P. O. Address, City."

This note was discounted by the bank to Ballard, Rinehart, Holmes and Robertson, and the proceeds thereof, the sum of two thousand dollars, was paid by the bank to the above named parties. In course of time, after the maturity of the note, the bank sued the appellant, the maker of the note. The essential parts of the amended answer were as follows:

" III.

" That at the time said note was so discounted as aforesaid, and in consideration thereof, and of the payment of the said proceeds to them, said Ballard, Rinehart, Holmes and Robertson agreed to and with said bank and this defendant that they, the said Ballard, Rinehart, Holmes and Robertson, would within a few days thereafter take up the said note and pay the amount thereof to said bank.

## " IV.

" That at and before the discount of said note as aforesaid, said bank well knew that the same was made and executed by the defendant so as aforesaid for and in behalf of said Ballard, Rinehart, Holmes and Robertson, and not otherwise, and that the proceeds thereof were to be used by, and for the sole benefit of the said Ballard, Rinehart, Holmes and Robertson, and that it was discounting the same for, and for the sole benefit of the said Ballard, Rinehart, Holmes and Robertson, and the said defendant received no part of the consideration thereof. And the said bank then and there agreed to and with defendant and said Ballard, Rinehart, Holmes and Robertson that it, the said bank, would look to the said Ballard, Rinehart, Holmes and Robertson for the payment of said note, and that this defendant should never at any time be held by said bank liable upon or for the note so made by him as aforesaid nor be called upon to pay the same. And the said bank, pursuant to said agreement, has never asked said defendant to pay said note or any part thereof, but on the contrary has at all times held the said Ballard, Rinehart, Holmes and Robertson liable and responsible to it to pay the same pursuant to the said agreement so made as aforesaid when said note was discounted by it.

## " V.

" That there was no other consideration for the note upon which this action is brought, and no part thereof was received by defendant or any other person for him, as is hereinabove stated, all of which was well known to said bank at and before it discounted said note.

## " VI.

" Defendant further answering says, that since he so made and executed said note he has frequently demanded of said Ballard, Rinehart, Holmes and Robertson, that they pay and take up the said note so made by the defendant as aforesaid, and that they frequently promised him they would do so, but have neglected to carry out their said promise and agreement to and with defendant and said bank.

## " VII.

" Defendant further answering says that about two years after said bank had so discounted said note as aforesaid, it, said bank, entered into an agreement to and with the said Ballard, Rinehart, Holmes and Robertson, that it would accept the note of said Ballard, Rinehart, Holmes and Robertson for the amount of and in place of the said note so discounted by it for the said Ballard, Rinehart, Holmes and Robertson as aforesaid, and that the said Ballard, Rinehart, Holmes and Robertson thereupon agreed to and with said bank that they would make, execute and deliver to said bank their note for the said amount and take up and deliver to defendant said note so discounted for them."

The plaintiff interposed a general demurrer to the said affirmative defense, which demurrer was sustained by the court. Appellant, standing upon his answer, moved the court for an order to bring in the said Ballard, Rinehart, Holmes and Robertson as necessary and proper parties to this action, which motion was overruled by the court, and judgment was entered, as prayed, for plaintiff and against defendant. From such judgment an appeal is taken to this court.

So that it will be seen that this case involves the question whether an agent who executes a promissory note for his principal can introduce parol evidence to exonerate himself from responsibility; for it may be conceded that paragraph IV of the answer is sufficient to raise this question.

It is contended by the appellant that the authorities sustain this rule, while the respondent contends that the case falls squarely within the rule that the terms of a written contract can not be contradicted by parol evidence. Many cases have been cited by the counsel for appellant, all of which we have carefully examined, and it must be said that upon this important question there is at least an apparent conflict of authority, and the expressions of different courts

are somewhat bewildering. But while there were expressions used by the courts in some of the cases cited by the appellant, which would seem to sustain his contentions, yet when the case itself is examined, the decision in most of them will be found to be based upon a state of facts unlike the state of facts disclosed by the answer in this case; and most of them fall within one of the three following principles, which seem to be well established, viz.: (1) where the check or order drawn by the agent discloses the principal; (2) where there is enough on the face of the written instrument to render it doubtful whether it was the intention to bind the agent or the principal, and (3) where the instrument was to be delivered upon the taking effect of some future stipulated condition, and it has been delivered before such condition is performed. In each case parol evidence is admissible to show the actual contract; as, for instance, the first case cited by appellant, viz., *Brockway v. Allen*, 17 Wend. 40, a case which has been cited by many of the subsequent cases, falls within the first rule announced. A note was given by the trustees of the First Baptist Church and Society of the village of Brockport. This society was indebted to the plaintiff for materials furnished to the society, and on account of such indebtedness the note was executed. The trustees signed the note individually, adding "Trustees of Baptist Society." In that case it was held by the supreme court of New York that the principal was bound and not the agent; but the court gives as the reason of its decision that the fact of the agency substantially appeared on the face of the note.

In *Whitney v. Wyman*, 101 U. S. 392, there are some expressions, as we have before indicated, used by the court, which, if applied to the general proposition, would support appellant's contention; as, for instance, that the question is always one of intent, and the court, being untrammeled

by any other consideration, is bound to give it effect. It is also said:

" The intent developed is alone material, and when that is ascertained it is conclusive. Where the principal is disclosed, and the agent is known to be acting as such, the latter can not be made personally liable unless he agreed to be so."

The whole case, however, shows that the order for machinery plainly indicated that the same was ordered for the use and benefit of the company, the Prudential Grand Haven Fruit Basket Company. As in the case above mentioned, the agent's name alone was signed to the order, but to it was added "Prudential Committee Grand Haven Fruit Basket Company." And while it is true that these words are merely *descriptio personarum*, yet it brought the case within the rule announced above, that there was sufficient on the face of the order to disclose the principal, or at least to render ambiguous the meaning of the order so far as the responsibility was concerned.

In *Hill v. Ely*, 9 Am. Dec. 376, the syllabus of the case was as follows:

" In an action by an indorsee against the indorser of a note in blank, parol evidence is admissible to show that at the time of the indorsement the indorsee agreed that he would not have recourse upon it against the indorser; and that the note so indorsed was delivered upon that express condition."

The court in its opinion says:

" The notes of Jabez Lamb were drawn in favor of William Hill, and by him handed to Elisha Ely, without indorsement. Elisha Ely then said, 'Hill, you must indorse these notes,' to which Hill replied, 'that is not our understanding.' Elisha Ely rejoined, 'they are made payable to you; how will you convey them to me? You must indorse them in order that I may collect·them.' William Hill then

said, 'I indorse them, but remember, I am not to be held responsible for the payment by this indorsement;' and Elisha Ely accepted the notes on that condition."

This case was especially decided by the court on the ground of actual fraud, and as will be readily perceived from the statement given by the court, the transaction was actually fraudulent; and as a matter of course the defense of fraud or mistake is always available.

The case of *Mechanics' Bank of Alexandria v. Bank of Columbia*, 5 Wheat. 326, was a case where there was an ambiguity on the face of the instrument, which was a check, and which falls within the second rule, *supra*. The court, after arguing this case, says:

" But, it is enough for the purposes of the defendant to establish, that there existed, on the face of the paper, circumstances from which it might reasonably be inferred, that it was either one or the other,"

having reference to the question whether it was the check of the party who signed or whether the check was given for the benefit of the bank.

*Michels v. Olmstead*, 14 Fed. 219, is another case where the want of the happening of some future condition provided for was pleaded in exoneration of the agent. In this case the agreement stipulated for machinery to be furnished by the plaintiff to the defendant at specified prices, and the defense was that it was the understanding at the time the contract was made that the defendant, who had signed the contract, was not to be held liable personally in the event the corporation, for which the machinery was ordered, was not formed; but the court recognized and stated the principle that

" The contract read in evidence must be taken to set out the whole of the agreements of the parties, and no change of it can be made by verbal testimony unless the instrument itself shows on its face that certain matters pertaining to it

are left undetermined, and when this is the case testimony may be admitted to complete the contract, so to speak."

But that is an entirely different proposition from the one at bar, where the conditions of the contract are absolutely and plainly disputed, and one defendant is sought to be substituted for another without any future conditions agreed upon not having been complied with, and without any indication or ambiguity on the face of the note as to who the actual payor was.

The next case cited, *Dix v. Akers*, 30 Ind. 431, we think has no bearing on the subject in controversy, and the same might be said of *Rawlings v. Fuller*, 31 Ind. 255. It simply decides that

" One who contracts merely as the agent of another, and has no personal interest in the contract, is not the trustee of an express trust within the meaning of the statute, and cannot, *under the code*, sue on such contract in his own name."

There was no promise to pay the rent here to Fuller, and no claim of title whatever in Fuller to the property, and the complaint expressly stated that the property belonged to Sarah Floyd.

*Small v. Smith*, 1 Denio, 583, is another case of fraud, where a note was indorsed under an agreement that it should not be deposited until a future condition had been complied with. And the court especially found that it was clear that the note was delivered in violation of the agreement on which it had been indorsed by the defendant.

The case of *Kost v. Bender*, 25 Mich. 515, simply decides that

" The general rule, that a purchaser from a *bona fide* holder of negotiable paper, takes with it all the rights of such holder, whether he has notice of any infirmity, as between the original parties, or not, is subject to the exception that, when the payee becomes such purchaser, he takes it

subject to all equities and defenses originally existing against it."

We do not think that the citation from Randolph on Commercial Paper, §1875 *et seq.*, states the rule contended for by the appellant, although it is somewhat difficult to determine what the author's views are on this particular point. In substance the announcement is, that the general doctrine is now that where the purchaser takes a general bill or note with notice, he is subject to defense like the payee; thus, the maker may set up against such holder that he had retired from the partnership before the firm note was delivered; or that the note was given especially on condition of another surety being added, a proposition which we have discussed above; or that the consideration was illegal; or on conditions as to purchase of goods or other consideration; or he may show that the note was obtained by fraud, or he could show that it was for accommodation for a particular purpose, which had failed or been disregarded; or that the accommodated party had fraudulently diverted the paper; but the announcement is made that the mere fact of its being accommodation paper constitutes no defense even against a party with notice. While the note in question, according to the answer is not technically accommodation paper, not being made for the benefit of the payee, it was really for the accommodation of Ballard, Rinehart, Holmes and Robertson, and the same reasons, it seems to us, would apply for making the fact of its being drawn for the accommodation of the parties mentioned above no defense, even against a party with notice, as, for instance, the payee in this case.

Edwards on Notes and Bills, p. 316, is not very definite on this subject, but what is said we think must be construed rather against the contention of the appellant.

*Murray v. Reed,* 17 Wash. 1 (48 Pac. 343), simply decided that

" Where a note is executed with an agreement that a new one shall be substituted when the exact amount of the debt is ascertained, a subsequent delivery of the new note to the payee renders the original note unenforceable in the hands of one who purchased the same after maturity with notice of the agreement,"

citing 3 Randall on Commercial Paper, and *Small v. Smith,* 1 Denio, 583. This is simply the announcement of the admitted doctrine that one who purchases a note after its maturity takes it subject to any equities which really existed in its favor. We can scarcely see what application it has to the case at bar.

*Merchants' Exchange Bank v. Luckow,* 37 Minn. 542 (35 N. W. 434), is not in point on the question under discussion, but was probably cited to support the next proposition, viz., that the receiver in this case stood in no different relation to the appellant than did the bank, a proposition which is, we think, indisputable.

The case of *Metcalf v. Williams,* 104 U. S. 93, is another case where the instrument upon its face was ambiguous as to who was the actual payee, and it was decided by the court on that proposition, and the court cites the case of *Kean v. Davis,* 21 N. J. Law, 683 (47 Am. Dec. 182), in regard to which case it says:

" The court of errors and appeals of New Jersey, in an elaborate opinion by Chief Justice Green, decided that parol proof was admissible to show that the bill was the bill of the company, and not of the defendant individually; and held that, although where a written instrument is not ambiguous or uncertain on its face, parol proof can not be resorted to to show what was the real intention of the parties; yet, that in cases of ambiguity on the face of the instrument, as in that case, it might be introduced to ex-

plain which of two doubtful constructions was the intent of the parties."

*Merchants' Exchange Bank v. Luckow*, 37 Minn. 542 (35 N. W. 434), is another case where the defense was that the written instrument was to become operative only on the happening of some contingent future event, as, on its being signed by some other person, and falls within the rule above mentioned; and cites *Michels v. Olmstead, supra*, deciding that

"It is always admissible to show by parol that a document was conditioned on an event that never occurred."

Nothing else is decided in this case.

The case that most nearly sustains the construction claimed by appellant is a Pennsylvania case *(Roberts v. Austin*, 5 Whart. 312); and it may here be said that the Pennsylvania cases are generally quoted as sustaining the doctrine that parol evidence may be introduced to release a payor of the responsibility of payment where it can be shown that he signed as agent with the knowledge of the payee, but we think these cases, as we shall hereafter show, have been misunderstood. In this case the defendant gave the following note:

"Dolls. 137.50.                    "Kensington, Philada.,
                                            "October 1st, 1836.
  "Four months after date, pay to the order of Mr. Charles B. Austin, agent of the Union Glass Works, one hundred and thirty-seven dollars and fifty cents, for value received, and charge the same to the account of, yours, &c.,
                                            "Wm. Roberts, Jr.
  "Mr. Richard Jukes, Newark, N. J."

Across the face was written, "Accepted, for Richard Jukes, Richard Jukes, Jr." Indorsed, "Chas. B. Austin, agt. Union Glass Works." The affidavit of defense showed that the payor was the agent for Richard Jukes, and pur-

chased merchandise for which this note was given, that the name of the principal was disclosed to the plaintiff before the time of said purchase, and that the said merchandise was furnished to the said principal upon the credit and for the use of this said principal, and averred that he had received no consideration whatever for said bill. The district court, after argument, gave judgment for the plaintiff for want of a sufficient affidavit for defense, and it was taken to the supreme court of Pennsylvania on a writ of error. There is no argument by the attorneys reported in this case, and the opinion is exceedingly meager, the argument of the opinion principally going to the question of the real meaning of the affidavit rather than its legal effect.

The case of *Milligan v. Lyle*, 24 La. An. 144, is another meager case, where it was held that an agent who had given a draft for his principal was exonerated upon showing that he was simply an overseer upon a plantation, and that the parties in whose favor the draft was given for work knew that they were working for the principal and not for the agent.

The case of *Westman v. Krumweide*, 30 Minn. 313 (15 N. W. 255), is another case deciding that

" Parol evidence is admissible to show that a contract not under seal, delivered by the maker to the party in whose favor it runs, was not intended to be operative as a contract from its delivery, but only on the happening of some future contingent event."

*Neaves v. North State Mining Co.*, 47 Am. Dec. 529 [see 47 Am. Rep. 529], is evidently a mis-citation, as the case is not reported in that volume.

The appellant also cites Mechem on Agency, §449, and cases cited. We think the section cited sustains the announcement that we have made. It is simply that

" Where an agent has entered into a contract which in terms charges himself, parol evidence is not admissible to

discharge him by showing that he intended to charge the principal, although it is admissible to show that it was the intention to charge himself personally, but where the contract bears upon its face evidence that the person signing was in fact an agent, and where the contract is so framed as to render it uncertain whether the agent or the principal was intended to be bound, parol evidence may be received to show that it was the intention to bind the principal and not the agent."

And it is shown conclusively in the opinion of the author that evidence of this kind is not admissible for the purpose of contradicting the express provisions of a contract. He proceeds:

"But although parol evidence may not be admissible to release the agent, it may be made use of to charge the principal. Thus the principal, as will be seen hereafter, may be charged as such by parol evidence upon a simple contract made by his agent, even though the contract gives no indication on its face of an intention to charge any other person than the signer. And this doctrine applies as well to those contracts which are required to be in writing as to those to whose validity a writing is not essential. This rule is not obnoxious to the principle which forbids the contradiction of written instruments by parol testimony, for the effect is not to show that the person appearing to be bound is not bound, but to show that some other person is bound also."

And as casting some light upon the decisions of the supreme court of the United States, which are cited by the appellant in favor of his contention, and as showing how the supreme court of the United States construed the Pennsylvania cases, which are concededly the cases which support the admissibility of this kind of testimony, if they are supported by the cases at all, we cite the case of *Bast v. First National Bank of Ashland*, 101 U. S. 93, a Pennsylvania case appealed from the circuit court for the eastern district of Pennsylvania, and where the supreme court

of the United States would have followed the decisions of
the Pennsylvania courts in a matter of this kind.    There
the court said, through Chief Justice WAITE:

" No principle of evidence is better settled at the com-
mon law than that, when persons put their contracts in
writing, it is, in the absence of fraud, accident or mistake,
'conclusively presumed that the whole engagement, and
the extent and manner of their undertaking, was reduced
to writing.'    .   .   .    In Pennsylvania, the stringency of
this rule has been very considerably relaxed, but we have
been referred to no case where, in the absence of fraud or
mistake parol evidence has been admitted to alter the plain
and unequivocal terms of a written instrument.    In *Martin
v. Berens*, 67 Pa. St. 463, the court say: ' Where parties,
without any fraud or mistake, have deliberately put their
engagements in writing, the law declares the writing to be
not only the best, but the only evidence of their agreement,
and we are not disposed to relax the rule.    It has been
found to be a wholesome one, and now that parties are al-
lowed to testify in their own behalf, the necessity of ad-
hering strictly to it is all the more imperative.'    In this
case, the Pennsylvania decisions are extensively reviewed,
and the exceptions to the rule of the common law which
they recognize carefully stated, but the conclusion is that,
'As a general rule, it (parol evidence) is inadmissible to con-
tradict or vary the terms of a written instrument.'    Again,
in *Bernhart v. Riddle*, 29 *id.* 96, this language is used:
' Where parties have deliberately put their engagements
in writing, and no ambiguity arises out of the terms em-
ployed, you shall not add to, contradict, or vary the lan-
guage mutually chosen as most fit to express the intention
of their minds.    What if parol evidence prove, never so
clearly, that they used such and such words in making their
bargain;   the writing signed, if it contain not those words,
is final and conclusive evidence that they were set aside in
favor of the other expressions that *are* found in the written
instrument.    .   .   .    It is not always easy to determine
when in Pennsylvania parol evidence is admissible to ex-
plain a written instrument, but in *Anspach v. Bast*, 52 *id.*

356, it is expressly declared that ' No case goes the length of ruling that such evidence is admitted to change the promise itself, without proof or even allegation of fraud or mistake. The contrary has been repeatedly decided.' To the same effect is the case of *Hacker v. National Oil Refining Co.*, 73 *id.* 93, as well as many others that might be cited."

In this case of *Bast v. First National Bank of Ashland* the judgment was assigned to the bank as collateral security for the payment of certain notes, with authority in case said notes were not paid at maturity, to sell said judgment and apply the proceeds to their payment with the provision that the bank should not, before the maturity of the notes, take measures to collect the judgment assigned without the consent of Bast. The offer was to prove a contemporaneous agreement that it should do so. The court concludes by saying:

" This is a clear contradiction of the terms of the written contract, in a matter where there is no pretense of ambiguity, and where there has been no fraud or mistake," and it was not allowed.

The authorities, however, holding that this kind of testimony is inadmissible speak with no uncertain sounds. And in *Cragin v. Lovell*, 109 U. S. 194 (3 Sup. Ct. 132), the cases of *Metcalf v. Williams*, and *Mechanics' Bank of Alexandria v. Bank of Columbia*, cited by the appellant, are distinguished and shown not to come within the rule that

" Upon a negotiable promissory note made by an agent, in his own name, and not disclosing on its face the name of the principal, no action lies against the principal," a rule which is distinctly announced in *Cragin v. Lovell*. And this, it will be seen, goes beyond the proposition in this case, where it is simply sought to hold the alleged agent or payor, and where the payee has elected to sue the payor or maker of the note.

In *Nash v. Towne*, 5 Wall. 689, it is decided that

" Where an agent has entered into a written contract in which he appears as principal, parol evidence is inadmissible to show, with a view of exonerating him, that he disclosed his agency and mentioned the name of his principal at the time the contract was executed."

And the court in concluding its opinion in this case, said:

" Cases may be found, also, where it is held that the plaintiff may prove by parol that the other contracting party named in the contract was but the agent of an undisclosed principal, and in that state of the case he may have his remedy against either, at his election,"

citing *Thomson v. Davenport*, 9 Barn. & C. 78.

" Evidence to that effect will be admitted to charge the principal or to enable him to sue in his own name, but the agent who binds himself is never allowed to contradict the as principal,"

citing *Jones v. Littledale*, 6 Adol. & E. 486;  1 Parsons, Contracts (5th ed.), 64;  *Titus v. Kyle*, 10 Ohio St. 444; 2 Smith's Leading Cases (6th Am. ed.), 421.

In Wood's Byles on Bills and Notes, p. 37, the rule is stated as follows:

" An agent will be personally liable to third persons on his drawing, indorsing or accepting, unless he either sign his principal's name only or expressly state in writing his ministerial character, and that he signs only in that character;  ' unless,' to use the words of Lord Ellenborough, ' he states upon the face of the bill that he subscribes it for another; unless he says plainly, " I am the mere scribe." ' Thus, where the defendant, agent of a banker, drew the following bill: 'Pay to the order of A. B. 50 pounds, value received, which place to the account of the Durham Bank as advised,' and subscribed his own name, it was held that the defendant was personally answerable and he alone, though the plaintiff, the payee, knew that he was only agent."

And the final announcement is made:

" The rule of law as to simple contracts in writing, other than bills and notes, is that parol evidence is admissible to charge unnamed principals, and so it is to give them the benefit of the contract; but it is inadmissible for the purpose of *discharging* the agent, who signs as if he were principal in his own name. And the rule of law is reasonable, for in the two former cases the evidence is consistent with the instrument, for it admits the agent to be entitled or bound; but in the latter case such evidence would be inconsistent with the terms of the instrument."

In support of this rule, see *Davis v. England,* 141 Mass. 587 (6 N. E. 731); *Wing v. Glick,* 56 Iowa, 473 (41 Am. Rep. 118, 9 N. W. 384); *Hypes v. Griffin,* 89 Ill. 135 (31 Am. Rep. 71); *Bank v. Cook,* 38 Ohio St. 442. Many of these cases go further than it is necessary to go to sustain the demurrer in this case. See, also, 1 Am. & Eng. Enc. Law, pp. 415, 416, and cases cited.

We are satisfied from such investigation as we have been able to make that the answer in this case was demurrable, and that parol evidence could not have been admitted to prove the facts alleged in the answer. It is contended by the appellant that in any event the motion to make Rinehart *et al.* parties to this action should have been sustained for the reasons that the law abhors a multiplicity of suits, and that all the rights might have been determined in one action, but the plaintiff here, having a right to elect, the defendant can not invoke this rule in this case, for it would delay the rights of plaintiff for the defendant's benefit. The plaintiff had a right to sue the real party as disclosed by the instrument itself; and having done so, if the defendant is entitled to contributions from his alleged principals, that is a matter in which this plaintiff has no interest, and his rights cannot be affected or delayed by it.

As to the seventh paragraph of the answer, viz., that the bank entered into an agreement some two years after the note had been discounted and evidently a year after it had become due, with said Ballard, Rinehart, Holmes and Robertson, that it would accept their notes for the amount of and in place of the said note so discounted by it for the said Rinehart, Ballard, Holmes and Robertson as aforesaid, and that the said Ballard, Rinehart, Holmes and Robertson thereupon agreed to and with said bank that they would make, execute and deliver to said bank their note for the said amount, and take up and deliver to defendant said notes so discounted to them, we do not think it states sufficient. This was not done; either party could have withdrawn; it was no part of the original agreement. There was no consideration for any such contract, and there is no allegation that the new note was ever tendered. A may enter into an agreement with B that if B will tender him his note at a certain time he will deliver to B a note which A holds against C. But such agreement would be no defense in an action on the note against C, providing the agreement had not been executed. It is also claimed that in any event this demurrer should not have been sustained for the reason that the defendant pleaded want of consideration; but the want of consideration that he urges depends upon the oral testimony which he seeks to introduce in this case under his pleadings, and which we have found is not competent testimony. Consequently the plea of want of consideration falls when the foundation for such a plea is stricken from the case.

This court has always been of the opinion that the faith and credit attaching to written agreements should not be easily destroyed, and the best of reasons could be adduced for holding a contract of this kind sacred and unchangeable by the admission of parol testimony except, of course, in

cases of fraud or mistake. These reasons have been so often advanced by courts and law writers and are so well understood by the profession that it is not necessary to repeat them here. The judgment will be affirmed.

Scott, C. J., and Reavis, Gordon and Dunbar, JJ., concur.