[No. 10906.    Department One.    August 28, 1913.]

CASUALTY COMPANY OF AMERICA, *Appellant*, v. C. H. BEATTIE
et al., *Respondents.*[1]

PRINCIPAL AND AGENT—LIABILITY OF AGENT—CONTRACT AS PRINCI-
PAL—DISCLOSED AGENCY—PAROL EVIDENCE.   Where a policy of insur-
ance was issued to an agent at his request in his own name as prin-
cipal, he cannot avoid liability for the premiums by showing by
parol that he was an agent only and had disclosed the principal for
whom he and his partner were acting; and where he had the policy
assigned to himself and partner, the partnership is liable to the
same extent as though it were originally issued to them.

INSURANCE—POLICY—CANCELLATION—EVIDENCE—SUFFICIENCY.   The
evidence is insufficient to support a finding of an oral concellation,
on November 1, of a policy of indemnity insurance, or of a waiver
of written notice, where it appears that, after oral notice to cancel
was given (which the agent denied) the insured made claims under
the policy and the company recognized the policy as in force on
November 20th and paid a loss thereon; the assured attempting to
explain their claims by the fact that the agent had asked to have the
policy continued, to which assent by the assured's principal was re-
quired, and that they did not know when they made their claims
whether such consent had been given.

INTEREST—UNLIQUIDATED DEMAND.   Interest is recoverable on an
amount found due for insurance premiums from the time the de-
mand accrues, where the amount can be ascertained by mere com-
putation.

Appeal from a judgment of the superior court for King
county, Smith, J., entered September 25, 1912, upon findings
in favor of the defendants, after a trial on the merits before
the court without a jury, in an action on contract.   Re-
versed.

*Leopold M. Stern* (*J. W. Russell*, of counsel), for appel-
lant.

*Lyter & Folsom* and *Richard Saxe Jones*, for respondents.

MOUNT, J.—This action was brought to recover an alleged
balance due for premiums upon a liability policy of insurance,

[1]Reported in 134 Pac. 817; 136 Pac. 1153.

issued by the plaintiff to the defendant C. H. Beattie, and at his request transferred to the partnership consisting of C. H. Beattie and F. S. Misho. The defendants answered the complaint of the plaintiff and admitted the issuance of the policy as alleged, but alleged affirmatively that, while the policy was issued in the name of C. H. Beattie, and afterwards transferred to the copartnership of Beattie & Misho, it was understood at the time the policy was issued that Beattie was the agent of the Arcade Building & Realty Company, a corporation; that the policy was issued to C. H. Beattie as such agent; that the agency was disclosed by Beattie at the time the policy was issued; that he therefore had no interest in the policy. For a second affirmative defense, the defendants, in substance, alleged that, on or about the first of November, 1906, the premiums were paid to that date and the policy was then cancelled. These affirmative answers were denied by the plaintiff. At the trial of the cause, the court permitted evidence to be given to the effect that, while the policy was issued in the name of the defendants, they were simply agents of the Arcade Building & Realty Company for whose benefit the policy was issued. At the close of the trial, the court found, in substance, that the policy was for the benefit of the Arcade Building & Realty Company, and that Beattie & Misho, copartners, were not liable for the premiums; and also found, as alleged in the answer, that on or about November 1, 1906, the policy was cancelled. The court therefore rendered judgment in favor of the defendants. The plaintiff has appealed.

Two points are relied upon by the appellant: (1) that, the policy having been applied for by C. H. Beattie in his own name, and having been issued to C. H. Beattie and transferred by him with the consent of the company to the firm of Beattie & Misho, evidence was improperly received to show that Beattie was acting merely as the agent of the Arcade Building & Realty Company, the real beneficiary under the policy;

and (2) that the policy was not cancelled. These positions must both be sustained.

It is undisputed that the policy of insurance was applied for by C. H. Beattie personally and was issued to him by the company in his own name. It is also undisputed that, after the policy had been in force for a short time, Beattie transferred it to the partnership consisting of himself and the defendant F. S. Misho. This assignment was consented to by the Casualty Company. Thereafter certain premiums were paid, according to the conditions of the policy, by Beattie & Misho, the copartnership. The funds therefor were furnished by the Arcade Building & Realty Company. It is also undisputed that Beattie & Misho were constructing the building on account of which the policy was issued to insure against loss suffered by reason of accidents to the employees. Beattie & Misho were the agents of the Arcade Building & Realty Company, constructing the building upon a percentage basis. The Casualty Company was informed that the policy was for the protection of employees upon the construction work. The rule is well settled that where an agent enters into a contract in his own name, even though his principal is disclosed, he is personally liable upon the contract. In speaking to this question in *Shuey v. Adair*, 18 Wash. 188, 51 Pac. 388, 63 Am. St. 879, 39 L. R. A. 473, this court quoted the rule as stated in Wood's Byles on Bills and Notes, page 37, as follows:

"The rule of law as to simple contracts in writing, other than bills and notes, is that parol evidence is admissible to charge unnamed principals, and so it is to give them the benefit of the contract; but it is inadmissible for the purpose of *discharging* the agent, who signs as if he were principal in his own name. And the rule of law is reasonable, for in the two former cases the evidence is consistent with the instrument, for it admits the agent to be entitled or bound; but in the latter case such evidence would be inconsistent with the terms of the instrument."

And in *Nash v. Towne*, 5 Wall. 689, the rule is stated thus:

"Parol evidence can never be admitted for the purpose of exonerating an agent who has entered into a written contract in which he appears as principal, even though he should propose to show, if allowed, that he disclosed his agency and mentioned the name of his principal at the time the contract was executed."

See, also, 1 Am. & Eng. Ency. Law (2d ed.), pp. 1054, 1055, and cases there cited.

The contract in this case was issued to C. H. Beattie at his request; it was delivered to him. So far as the contract shows, he was the principal and was bound by the contract to the same extent as though it were his personal contract; and he cannot now be heard to say that the contract was intended for some other person when it was issued in his own name. After the contract had been executed in his name, he had it transferred to himself and his partner; and they are bound thereby to the same extent, under the same rule, as though the policy had been originally issued to them. And even though the principal was disclosed, when they obtained the policy in their own names, in an action upon the policy for the premiums due, they cannot be permitted to introduce evidence to vary the contract by showing that it was intended for some other person. The rule is clear and reasonable. The court therefore erred in receiving evidence to the effect that some third person was the beneficiary, so as to relieve the respondents of their liability.

The court also found that the policy was cancelled about November 1, 1906. The policy was issued covering insurance against liability beginning on the 3d day of April, 1906, at 12 o'clock noon and ending on the 3d day of April, 1907, at 12 o'clock noon. The policy provided:

"This policy may be cancelled by the company at any time by notice in writing to the assured mailed to the address given herein stating when the cancellation shall be effective. It may be cancelled by the assured by like notice in writing to the company."

There was evidence on the part of the respondent Beattie to the effect that, in the latter part of October, he orally notified the agent of the appellant that he desired the policy cancelled; that he paid the premiums due up to that time. He also testified that the agent acquiesced in this. The evidence on the part of the appellant was to the effect that no oral notice of cancellation was given; and that the policy was not cancelled. The evidence also shows that, after the date of the purported cancellation, both of the respondents made claims in writing against the Casualty Company for liabilities under the policy. The record also shows that, on November 20th, the Casualty Company recognized the policy as being in force by paying a claim thereon. The respondents explain this by saying, in substance, that at the time the oral notice of cancellation was given, the agent of the company desired the policy to be continued; that he was informed that it would be necessary for him to see Mr. James A. Moore, who was president and manager of the Arcade Building & Realty Company; that unless Moore consented to a continuance of the policy, that it would be cancelled; that when Beattie & Misho after that time filed claims under the policy, they did so not knowing whether or not Moore had consented to a continuance of the policy. But these facts we think show clearly that the policy itself was not cancelled at the time the oral notice was given; and it was not cancelled in writing until March 18, 1907, subsequent thereto, when written notice of cancellation was given to the company.

We are satisfied that the evidence does not show that the Casualty Company waived the written notice required by the policy, or that the policy was cancelled when the oral notice was given, because both parties after that time treated the policy as being in force. We are satisfied, therefore, that the court was in error in receiving evidence to contradict the terms of the policy; and in finding that the policy was cancelled by the oral notice on November 1, 1906. There was no dispute in the evidence as to the premiums that were earned

upon the policy.    The evidence shows that the premiums earned at the time of the cancellation and which had not been paid amounted to $1,111.43.   The judgment is therefore reversed, and the cause remanded with instructions to enter a judgment in favor of the appellant for this sum, together with its costs.

CROW, C. J., PARKER, GOSE, and CHADWICK, JJ., concur.

ON PETITION FOR MODIFICATION.
[Decided December 13, 1913.]

PER CURIAM.—The appellant in this case has filed a petition for a modification of the opinion heretofore filed, so that a judgment may be entered for interest on the amount due the appellant from March 18, 1907.

We think this modification should be made, under the authority of *Parks v. Elmore*, 59 Wash. 584, 110 Pac. 381, and it is accordingly made, so that the closing paragraph of the opinion shall read: "The judgment is therefore reversed, and the cause remanded with instructions to enter a judgment in favor of the appellant for this sum, together with interest thereon from the 18th day of March, 1907, and for its costs."