[No. 11288. Department One. July 15, 1913.]

P. L. Toon, *Respondent*, v. W. O. McCaw *et al.*, *Appellants*.[1]

CORPORATIONS—REPRESENTATION—BILLS AND NOTES—EXECUTION—REPRESENTATIVE CAPACITY OF MAKERS—PAROL EVIDENCE. The officers of a corporation who sign a note reading that "We" promise to pay, without stating in the note or signatures the manner or capacity in which they act, are jointly personally liable and cannot be heard to say that they signed only as officers of the corporation, which received the consideration, where there is no ambiguity in the language of the note itself.

Appeal from a judgment of the superior court for Chehalis county, Sheeks, J., entered December 2, 1912, in favor of the plaintiff, upon sustaining a demurrer to the answer, in an action upon a promissory note. Affirmed.

*Frank Beam,* for appellants.

*Dan Pearsall* and *T. H. McKay,* for respondent.

Gose, J.—The plaintiff brought suit upon the following note:

"$500.                                          June 20, 1910.

"One year after date, without grace, we promise to pay to the order of P. L. Toon Five Hundred and no-100 Dollars in gold coin of the United States of America, of the present standard value, with interest thereon, in like gold coin, at the rate of ten per cent. per annum from date until paid, for value received. Interest to be paid at end of year and if not so paid, the whole sum of both principal and interest to become immediately due and collectible, at the option of the holder of this note. And in case suit or action is instituted to collect this note, or any portion thereof, we promise and agree to pay, in addition to the costs and disbursements provided by statute. . . . . . . . . . Dollars in like gold coin for attorney's fees in said suit or action.

Due June 20, 1911.              Aberdeen Tug Boat Co.,
At Aberdeen, Wash.                    Thos. Willikson,
No. 4                                 Cash Manley,
                                    "Swen Johnson."

[1]Reported in 133 Pac. 469.

It is alleged in the complaint that the defendant, Aberdeen Tug Boat Company, at the time of the execution of the note, was and is a corporation; that the defendant McCaw had been regularly appointed receiver for its property; that he had qualified and was acting as such receiver; that the defendants made and delivered the note on the day it bears date; and that it had not been paid. The defendants Willikson, Manley and Johnson answered jointly, and alleged affirmatively that the note was drawn on the day it bears date by the bookkeeper for the defendant corporation at the request of its officers; that it was then presented to such officers for their signatures; that the defendant Willikson signed the note as president of the corporation; that the defendant Manley signed it as vice president, and Johnson signed it as secretary of the corporation; that the three named defendants directed the bookkeeper not to deliver the note until he had written the title of each of such officers after his name; that he was directed to write after each of said names the respective official titles of the answering defendants; that the consideration for the note passed to the defendant corporation, and was used by it in paying some of its outstanding indebtedness; that no consideration whatsoever passed to said defendants individually; "that said note was understood by all of the parties thereto, to be the note of said corporation; and the money was loaned on the credit of said corporation; that said defendants refused to indorse or sign said note in their individual capacity."

A general demurrer interposed to this defense was sustained. The defendants declined to plead further, and on motion of the plaintiff, judgment was entered in his favor against all the defendants. The defendants Willikson, Manley and Johnson prosecuted this appeal.

The appellants thus state their contention:

"In the case at bar the signature to the note is certainly ambiguous. The signature might be interpreted to be that

of the corporation alone, of the individuals alone, or of both the corporation and the individuals signing."

We cannot acquiesce in this view. Ambiguity cannot be created by pleading it. It must appear in the instrument itself. It will be observed that the defendants jointly promised to pay the note. There is nothing upon the face of the note to indicate that it was a note of the corporation only, or that it was other than the joint obligation of all of the makers. The language of the note is "we promise to pay." This language is repeated in reference to the attorney's fee. Counsel for the appellants have quoted rather extensively from Thompson on Corporations (2d ed.), but as we read the references, the views of the author afford them little comfort. In vol. 2, page 986, the author says:

"The general rule is, that where an officer or agent executes a negotiable instrument in behalf of the corporation, but neither in the body of the note nor in his signature is the manner or capacity in which he acts shown, then he is personally liable."

Any other rule would destroy the stability of written contracts. There is no language in the note which raises even a slight ambiguity or creates any doubt as to the meaning of the instrument, or that remotely suggests that the makers were acting for another. The same author, at page 982, says:

"As between the original parties, and where there is something on the face of the instrument that suggests a doubt as to what particular party is bound, and the court cannot by inspection determine the question from the paper itself, parol evidence is admissible to show the true intent and meaning of the persons executing the instrument."

Counsel further suggests that the corporation, being an artificial creature, could not have written its own name. This question is not before us. The corporation itself is not litigating the question of its liability. What defenses it might have successfully interposed is collateral to the inquiry.

This court has frequently announced principles directly antagonistic to the contention of the appellants. In *Bradley Engineering & Mfg. Co. v. Heyburn*, 56 Wash. 628, 106 Pac. 170, 134 Am. St. 1127, we held that, under the negotiable instruments law, even between the original parties, one who signed a note as a general maker could not prove by parol that he was a surety, that he received none of the benefits of the transaction, that the payee knew that fact, and that he was discharged in consequence of an extension in the time of payment without his knowledge or consent. In *Shuey v. Adair*, 18 Wash. 188, 51 Pac. 388, 63 Am. St. 879, 39 L. R. A. 473, it was held in an opinion written by the late Chief Justice Dunbar, after an exhaustive review of the cases, that one who executes a promissory note in his own name with nothing upon the face of the note showing his agency, could not introduce parol evidence to show that he executed it for his principal, that the payee knew it, and hence that he incurred no liability. In *Anderson v. Mitchell*, 51 Wash. 265, 98 Pac. 751, we held that the maker of a note, the note being free from ambiguity, could not show by parol that he executed the note for a corporation which desired the loan, and to which the bank could not make the loan because the amount of the loan, together with the debt then owed by the corporation to the payee, a national bank, would be in excess of the amount permitted by the Federal banking laws, and that he made the note at the request of the payee upon the distinct agreement that he should not be liable thereon, either as principal or surety. In that case the respondent became the holder of the note after its maturity. In *Daniel v. Glidden*, 38 Wash. 556, 80 Pac. 811, where the note was signed "H. M. Glidden, Secy.," it was held that Glidden could not exonerate himself from liability by parol proof that he executed the note as secretary of a corporation to which the plaintiff loaned the money. In that case the court said:

"There are no apt words used in the note showing that the corporation is obligated. Therefore, although appel-

lant's signature is followed by an abbreviated word indicating a representative capacity, yet no obligated principal being disclosed, he cannot escape personal liability under our negotiable instrument law."

These principles have abundant support in the cases from other jurisdictions. In *San Bernardino Nat. Bank v. Andreson* (Cal.), 32 Pac. 168, the note was signed "John Andreson, President, J. A. Crawford, Secretary." The note was otherwise unambiguous. It was held that the defendants could not show by parol that they were respectively the president and secretary of the San Bernardino Fruit Company, a corporation, that the money was loaned to the corporation, and that the note was intended as and for the debt of the corporation and not as the individual note of the defendants. The following authorities are to the same effect: *Keokuk Falls Imp. Co. v. Kingsland & Douglas Mfg. Co.*, 5 Okl. 32, 47 Pac. 484; *Matthews v. DuBuque Mattress Co.*, 87 Iowa 246, 54 N. W. 225, 19 L. R. A. 676; and *Davis v. England*, 141 Mass. 587, 6 N. E. 731.

As we have said, any other rule would destroy the stability of written instruments. The note imports a joint obligation of the appellants, and they have sought to plead and prove that, while they apparently executed the note in their individual capacity, they intended in fact to execute it as the note of the defendant corporation only. This would be to create an ambiguity where none exists and to make for the parties a contract which they did not make for themselves.

Judgment is affirmed.

Chadwick, Mount, and Parker, JJ., concur.