[No. 19346. Department One. December 8, 1925.]

## IRWIN A. FAY et al., Appellants, v. REBECCA BEST et al., Respondents.[1]

[1] REFORMATION OF INSTRUMENTS (6, 20)—MISTAKE—EVIDENCE—SUFFICIENCY. Findings that vendees were entitled to a reformation of a deed to include a three-foot strip of the adjoining lot, are sustained, where it appears that the vendors represented the lot as thirty-three feet in width, which was inclosed by fences, that the vendees took possession of the entire tract, made improvements thereon and paid taxes thereon and paid off a mortgage covering the entire tract, to all of which the vendors made no objection for three years.

[2] PLEADING (10)—FORM OF ALLEGATION—CONSISTENCY OR REPUGNANCY. In an action of ejectment, error cannot be assigned on failing to strike, as inconsistent defenses, (1) a mutual mistake in a deed to land in controversy, and (2) that plaintiffs had represented that the strip in dispute was included in the land deeded, where no election was demanded and the trial court found a mutual mistake on the facts shown.

[3] REFORMATION OF INSTRUMENTS (19, 20)—EVIDENCE OF MISTAKES—ADMISSIBILITY—VARYING WRITTEN INSTRUMENTS. Oral evidence of a mutual mistake in the description in a deed is not inadmissible as varying the terms of the writing, in an action to reform the deed; it only being required that the evidence be clear and convincing.

[4] SAME (6, 20)—MUTUALITY OF MISTAKE—INTENT. Clear and convincing evidence of a mutual mistake, considering all the surrounding circumstances, warrants reformation of a deed, notwithstanding the grantor's denial that he made any mistake.

[1]Reported in 241 Pac. 354.

Appeal from a judgment of the superior court for King county, Thomas M. Askren, Judge *pro tempore,* entered January 31, 1925, upon findings in favor of the defendant, in an action of ejectment, in which defendant sought reformation of a deed, tried on the merits to the court. Affirmed.

*Thos. R. Horner,* for appellants.

*Wright, Froude, Allen & Hilen,* for respondents.

HOLCOMB, J.—This is an action in ejectment by appellants, to recover a strip three feet wide and one hundred twenty feet long on the east side of Lot 4, in Block 58, Denny & Hoyt's Addition to Seattle, of a value of about $75.

After some negotiations prior to April 29, 1918, on that day respondents and appellants consummated the deal whereby respondents were to purchase Lot 5, Block 58, in the above Addition, for $2,000, of which $150 was paid in cash, and the residue was to be paid in installments. Two instruments were executed, one a real estate contract, and the other a deed in the usual form, which were placed in escrow in a bank to be delivered to the purchasers when the payments were completed. The three-foot strip adjoined Lot 5 on the west, being a strip on the east side of Lot 4. It was enclosed by a fence on the west side of the three-foot strip.

Both the pleadings and the testimony show that appellants had legal title to the three-foot strip for which this action is brought. Respondents, however, interposed two affirmative equitable defenses. The first was that appellant, the husband, had represented to respondents that the property to be sold and conveyed to them was thirty-three feet in width and one hundred twenty feet in length, and not thirty by one hundred

twenty, the platted size of the lots; that, through an error in the description, and error and omission of the parties, and by error of the scrivener, the easterly three feet of Lot 4 was omitted from the real estate contract and the deed, which was not known to respondents at the time, and which they first discovered about fifteen months prior to the beginning of this action by appellants.

The second affirmative defense is by way of an alternative defense and cross-complaint, in the event reformation in the first defense and cross-complaint is refused; alleging that appellants were the owners of the real estate described in the complaint and in the answer, and that the tract of land was occupied and used in connection with the residence thereon thirty-three feet wide and one hundred twenty feet long; that appellants induced respondents to purchase the residence and land used in connection therewith for the consideration of $2,000 by representing that the tract of land to be conveyed with the house situated thereon was thirty-three feet wide and one hundred twenty feet long; that respondents relied upon the representations by appellants as to the size of the lot, paid the full purchase price of $2,000 upon the agreed consideration that the lot was thirty-three feet wide by one hundred twenty feet long, but that appellants conveyed a tract of land which was only thirty feet by one hundred twenty feet, and refused to include the additional three feet, to respondents' damage in the sum of $500; that respondents first learned that the tract of land conveyed was only thirty feet by one hundred twenty feet about fifteen months prior to the commencement of this action.

[1] Upon conflicting evidence, as shown by the record, the trial court resolved the facts in favor of respondents. The record shows there is ample sup-

port in the testimony for the findings in favor of respondents. They introduced evidence to the effect that the width of the ground appellants were to sell respondents was thirty-three feet. All the lots in the block were one hundred twenty feet long. The testimony conflicting with that of appellants was that Mr. Fay showed the lot and house to respondents and told them that the lot was three feet wider than the other lots in the block, which were all thirty feet in width; that it extended to the fence on the west; that the preceding year when the house had been built on the lot in question appellants had acquired the east three feet of Lot 4, and enclosed it with Lot 5 by a fence; he had built, and there was partly on the strip at the time of the purchase, a wooden walk; the front steps at the street were on this three-foot strip; the same vegetation was growing on the three-foot strip as on the rest of the tract.

No copy of the contract was given to respondents, nor did they have the contract or deed in their possession, but these instruments were left at the bank to be delivered when the property was fully paid for. Shortly after the contract was signed, respondents took possession of the entire property, including the three-foot strip, took up the wooden walk and put down a cement walk on the same location, partly on the three-foot strip; planted shrubbery on part of the three-foot strip, and removed a woodhouse formerly in the center of the lot at the rear on the northwest corner of the tract, placing it partly on the three-foot strip. Respondents also put in a west entrance to the house and erected a veranda on the three-foot strip, and a dormer addition to the house overhanging this three-foot strip. According to the evidence, while this was being done and during over two years time, appellants made no protest or claim to the three-foot strip, although appel-

lants lived just across the alley from this property, and saw all the improvements being made. The tax statements for 1919 and 1920 show the easterly three feet of Lot 4 to be attached to Lot 5. When the 1919 tax statement was received by appellants, they delivered it to respondents in the spring of 1920, and respondents paid the taxes on the thirty-three feet that year and the next.

Appellants claimed title to the property in 1921 and informed Mrs. Best that they owned the three-foot strip, and she would have to move off or recognize their ownership. This she declined to do, went to the bank the next day and examined the contract and deed, and then learned that the documents described the property as Lot 5 only, and omitted the three-foot strip. The same day she executed and recorded a claim to this three-foot strip. Mrs. Best continued to pay the bank all sums due appellants, paid off the mortgage which respondents had assumed, which covered Lot 5 and three feet of Lot 4, and then obtained the deed from the bank, retained possession of it, and continued to occupy the three-foot strip along with Lot 5.

[2] Appellants' contention that the affirmative defenses interposed by respondents are inconsistent, and should have been stricken, one or both, and their demurrer should have been sustained, is untenable. No election of affirmative defenses, if inconsistent, which we do not believe, was demanded or required. The trial court found there was a mutual mistake on the facts shown, and what the other pleading alleged is immaterial.

Appellant, the husband, admitted on the stand that he entirely forgot about the three-foot strip at the time he made out the instruments; that is, he insisted that he never thought anything about the three feet being included, or that it would be claimed by respondents

to be sold. But the trial court thought that, since he pointed out the east line of the lot to respondents, it was a fair inference that he pointed out the west line too. The fact that appellants allowed the improvements to be placed, some of them partially and some of them wholly, upon the three-foot strip, that the taxes were paid on the three-foot strip by respondents for four years, that a building on the rear of the premises was removed so as to partly occupy the three-foot strip, and placing a new and permanent concrete walk in place of the old wooden walk, led the court to believe that both parties thought at the time that the lot extended to the west so as to include this three feet of Lot 4.

[3] Appellants further contend that respondents seek to vary the written instruments by oral evidence. A written instrument for the purchase of land, where a mutual mistake has been made, cannot very well be varied by anything but oral evidence. All that is required is that it shall not be reformed for mistake except by evidence that is clear and convincing. *Erickson v. Poole,* 126 Wash. 130, 217 Pac. 715. The evidence which the trial court accepted as credible seems to us to be very clear and convincing.

[4] Appellants also contend that, since Fay denies that he made any mistake, there could be no mutual mistake. The evidence which we have alluded to as accepted by the trial court would seem to prove that Fay did make a mistake. Clear and convincing evidence to the satisfaction of the trial court was adduced that the property which was actually intended to be conveyed by appellants and purchased by respondents was Lot 5, and the easterly three feet of Lot 4, in the same block. The conduct of both parties for more than two years afterwards also bears out that intent.

"The determining fact upon such an issue is what property was actually intended to be conveyed by the one party and acquired by the other. In determining this question, the courts will not only look into the circumstances surrounding and affecting the making of the conveyance, but will take into consideration any and all other facts which throw light upon the intention of the parties  . . . "

See, also, *Dennis v. Northern Pac. R. Co.*, 20 Wash. 320, 55 Pac. 210; *Norton v. Gross*, 52 Wash. 341, 100 Pac. 734.

We are well satisfied that, under the facts and the law, the judgment of the trial court was correct.

Affirmed.

TOLMAN, C. J., FULLERTON, MITCHELL, and MAIN, JJ., concur.