[No. 26677. Department One. September 7, 1937.]

F. W. MOORE, *Appellant,* v. AVIS WEBSTER *et al.,*
*Respondents.*[1]

*Ralph E. Purves,* for appellant.
*Merrill R. Wallace,* for respondents.

BLAKE, J.—Plaintiff brought this action to recover
on eight promissory notes, seven of which were, ex-
cept as to maturity dates, identical in terms and figures,
as follows:

"No. 5        Bremerton, Washington, August 12, 1931
"Five months after date we promise to pay to the
Lee Tire & Rubber Company of N. Y., Inc. at the
.................................................Seventy-five and 00/100 dollars
($75.00) with 6 per cent interest per annum from date
till paid, value received. If this note is placed in the
hands of an attorney for collection, the makers and
endorsers hereof agree to pay the holder hereof, legal
bar rate attorney's fees upon the amount due and col-
lected; demand, protest and notice is hereby waived.
    "This note is one of a series of 12 notes, aggregating
the amount of $925.00 Dollars, as evidenced by in-
debtedness of even date, owing by me to Lee Tire &
Rubber Co. and it is expressly agreed that time is of

[1]Reported in 71 P. (2d) 369.

the essence of this contract, and should I fail to pay any of said notes when they become due, then all of said notes shall become due and collectable at the option of the holder.

"CHARLESTON SUPER SERVICE INC.
AVIS WEBSTER

"Postoffice Bremerton, Washington
"Due January 12, 1932."

The other note, for one hundred dollars, was executed and delivered at the same time.

The defendants answered, denying that Avis Webster, individually, executed the notes, and affirmatively alleged that the notes evidenced obligations of Charleston Super Service, Inc., and were not community obligations of defendants; that Webster executed the notes as secretary-treasurer of Charleston Super Service, Inc. The defendants offered, and the court received, evidence in support of the affirmative. defense. Among the items of evidence so offered was a note (No. 2), which was signed: "Charleston Super Service, Inc., Avis Webster, Sect. & Treas."

The court found that Webster executed the notes as secretary-treasurer of Charleston Super Service, Inc.; that they were made and executed "as the act and deed of Charleston Super Service, Inc., and not as the individual act of the defendant Avis Webster." From judgment dismissing the action, the plaintiff has appealed.

The findings are silent as to the character of the obligation as affecting the community. We are satisfied, however, that the evidence would not warrant a finding that the notes were not community obligations. The question for determination, therefore, is: Could the defendants show by parol evidence that Avis Webster executed the notes as secretary-treasurer of Charleston Super Service, Inc.? Of course, if he had appended the words "secretary-treasurer" to

his signature, he would not have rendered himself individually liable. *Union Machinery & Supply Co. v. Taylor-Morrison Logging Co.,* 143 Wash. 154, 254 Pac. 1094. On the other hand, the rule adopted by this court at an early day is that one who executes a note in his own name, with nothing on the face of the note showing his agency, cannot introduce parol evidence to show that he executed it for a principal, or that the payee knew that he intended to execute it as agent. *Shuey v. Adair,* 18 Wash. 188, 51 Pac. 388, 63 Am. St. 879, 39 L. R. A. 473. The court has applied the rule at least twice, under almost identical circumstances as exist in the case at bar. *Toon v. McCaw,* 74 Wash. 335, 133 Pac. 469, L. R. A. 1915A, 590; *Farmers State Bank v. Lamon,* 132 Wash. 369, 231 Pac. 952, 42 A. L. R. 1072. In the former case, the court said:

"The language of the note is 'we promise to pay.' This language is repeated in reference to the attorney's fee. Counsel for the appellants have quoted rather extensively from Thompson on Corporations (2d ed.), but as we read the references, the views of the author afford them little comfort. In vol. 2, page 986, the author says:

" 'The general rule is, that where an officer or agent executes a negotiable instrument in behalf of the corporation, but neither in the body of the note nor in his signature is the manner or capacity in which he acts shown, then he is personally liable.'

"Any other rule would destroy the stability of written contracts. There is no language in the note which raises even a slight ambiguity or creates any doubt as to the meaning of the instrument, or that remotely suggests that the makers were acting for another."

It is urged, however, that the notes in the instant case are of a series, one of which, as has been noted, was signed by Webster as "sect. & treas." The evidence in relation to this particular note accentuates

the vice the rule is designed to obviate. The note was paid and surrendered to Webster in 1931. He testified that the abbreviations (sect. & treas.) were put on the note when he executed it. Plaintiff testified that they were not on the note when it was executed and delivered, nor when it was surrendered by him to Webster. There would be little stability to negotiable paper if put to the hazard of a guess as to which of two witnesses is telling the truth, under such circumstances.

The judgment is reversed, and the cause remanded with directions to enter judgment for the plaintiff.

STEINERT, C. J., MAIN, MILLARD, and GERAGHTY, JJ., concur.