[No. 31077. Department One. February 24, 1950.]

G. M. NADREAU et al., Appellants, v. VERN G. MEYEROTTO et al., Respondents.[1]

[1]Reported in 215 P. (2d) 681.

*Rummens & Griffin* and *Kenneth P. Short* (*Ivan Merrick, Jr.*, of counsel), for appellants.

*Todd, Hokanson & White,* for respondents.

GRADY, J.—This action was instituted by appellants to secure the cancellation of a promissory note and to recover damages arising out of an alleged breach of a building contract. The court entered a judgment in favor of respondents upon their counterclaims. The business transactions out of which the litigation arose were had between Mrs. Geraldine M. Nadreau and Vern G. Meyerotto, and we shall refer to the former as the appellant and the latter as the respondent.

On October 26, 1946, appellant and respondent entered into a written contract for the construction work of a number of dwelling houses. The contract price for each house as expressed in the written contract was $1,550. One of the items of labor was laying and finishing hardwood floors. This work was not done by respondent. At the request of appellant, the respondent had performed some extra labor on houses covered by the contract and also on other houses covered by prior similar contracts. The appellant had given respondent her note in the sum of $4,733.54, which had become due. There were outstanding a number of unsettled claims between the parties.

At the trial of this action, the respondent sought to justify his failure to lay the hardwood floors by evidence that, during the negotiations leading up to the execution of the contract, it was verbally agreed that he would not be required to do this work, and that item would be eliminated from the contract. The version of appellant was that the parties verbally agreed subsequent to the execution of the contract that, if respondent would make no charge for doing certain extra work on some of the houses, she would pay

the cost of laying the hardwood floors. The appellant made timely and appropriate objection to the evidence submitted by respondent upon the ground that it offended the parol evidence rule.

■ The court was of the opinion that, when appellant testified as to her version of the transaction, she was thereafter in no position to object to respondent submitting parol evidence of his version. We are not in accord with this view. The parol evidence submitted by appellant was with reference to a transaction subsequent to the execution of the contract and during attempts by the parties to settle some of their differences, and had nothing to do with one had in connection with its making. The reception of such evidence did not open the door to the submission of parol contemporaneous evidence which would vary the terms of the written contract.

■ The only question raised by appellant on appeal is that the reception or consideration of the evidence submitted by respondent violated the parol evidence rule. The evidence was not admissible to vary the terms of the written contract, but was admissible in support of the claim of respondent that he was entitled to have a reformation of the contract. *Fay v. Best,* 137 Wash. 1, 241 Pac. 354; *Meyer v. Young,* 23 Wn. (2d) 109, 159 P. (2d) 908; 45 Am. Jur. 650, Reformation of Instruments, § 113.

■ ■ The material part of one of the findings of fact made by the court is as follows:

"That in the course of said negotiations and preceding the signing of the writing by said defendant, said defendant informed plaintiff that he could not afford to take the job at the offered price, to-wit, $1,550.00 per house, according to the terms contained in the writing submitted by Nadreau to Meyerotto. More specifically he informed her that he would not lay and finish the hardwood floors unless the offered price was raised to $1,600.00 per house; that the parties then and there agreed to the elimination of the item '5. Laying and Finishing Hardwood Floors' from the written agreement, and plaintiff Geraldine M. Nadreau agreed that she would hire some third party at her own expense to lay and finish the said hardwood floors."

Our examination of the record convinces us that this finding is supported by clear, cogent, and convincing evidence.

The rule pronounced by this court in *Moeller v. Schultz,* 11 Wn. (2d) 416, 119 Pac. 660, is applicable:

"Where both parties have an identical intention as to the terms to be embodied in a proposed written contract and a writing executed by them is materially at variance with such intention, a court of equity will reform the writing so as to make it express the intention of the parties if, as in the instant case, innocent third persons will not be unfairly affected thereby."

Through mutual mistake, the parties to the contract failed to strike out the provision relating to laying and finishing hardwood floors, and the court should have granted the prayer of respondent for reformation in that respect.

This case presents a situation where we conclude the trial court rendered a proper judgment, but based it upon an incorrect ground. We have adopted the rule that, even though a judgment of a trial court is based upon a theory which an appellate court may deem erroneous, if on a trial *de novo* the judgment can be sustained on any ground it will be affirmed. *State ex rel. Spokane & Eastern Branch, etc. v. Justice Court,* 189 Wash. 87, 63 P. (2d) 937; *Jones v. Standard Sales, Inc.,* 34 Wn. (2d) 546, 209 P. (2d) 446; *In re Kessler's Estate, ante* p.156, 211 P. (2d) 496.

The judgment is affirmed.

SIMPSON, C. J., BEALS, SCHWELLENBACH, and DONWORTH, JJ., concur.