[No. 46687. En Banc. May 8, 1980.]

ST. REGIS PAPER COMPANY, *Respondent,* v. VERNON WICKLUND, ET AL, *Petitioners.*

498

*Newton, Newton & Kight,* by *R. Michael Kight,* for petitioners.

*Eisenhower, Carlson, Newlands, Reha, Henriot & Quinn,* by *Richard A. Jessup,* for respondent.

DOLLIVER, J.—Wicklund Builders, Inc., and its president, defendant Vernon Wicklund, had done business with plaintiff St. Regis Paper Company for several years on an open account basis. Wicklund agreed with Ralph Munger, credit manager of St. Regis, to sign a promissory note for certain past due amounts. Munger filled in the blank spaces of the standard form note and wrote "personal guaranty" in a blank space in a paragraph referring to security for the note. He later crossed out these words, initialed the change, and substituted the word "none". Wicklund signed the note without designating that he was signing it in a representative or corporate capacity.

St. Regis sued Wicklund individually on the note. Wicklund counterclaimed for reformation alleging a mutual mistake and that the parties intended only the corporation to be bound rather than Wicklund as an individual. Over the objection of St. Regis, Wicklund testified he had discussed the note with Munger and that both parties understood only the corporation would be liable on the promissory note. The trial court allowed the parol evidence:

I am going to overrule the objection. It would appear to me the authorities currently hold that in a reformation action, parol evidence is admissible on the question of reformation, so I will overrule the objection.

Wicklund further testified that he objected to the words "personal guaranty" and had Munger cross them out as he did not want to be personally bound on the note.

On the other hand, Munger's testimony by deposition stated that he understood the note was to be a personal obligation; that he wrote the words "personal guaranty" in by mistake and that he crossed them out and initialed them on his own initiative.

The trial court held in favor of Wicklund. In its findings of fact the court said that, "the inclusion of the words 'personal guaranty' and the subsequent striking of those words by Mr. Munger, is confusing and raises a question as to the parties' intentions at the time." The court also found there was no reasonable explanation for the inclusion and subsequent striking of the words "personal guaranty" other than the fact that the question of Wicklund's personal liability on the note arose, was discussed, and the parties agreed he was not to be personally liable. The court further stated that clear, cogent and convincing evidence existed that the note did not embody the intent of the parties and that a mutual mistake was made in failing to indicate Wicklund's representative capacity.

On the basis of its findings of fact, the court concluded that as a result of the mutual mistake the note should be reformed to provide that Wicklund signed the note for the corporation and not as an individual. The court entered

judgment reflecting this conclusion. Judgment was also entered against Wicklund Builders, Inc., in the amount of $21,492.98, plus interest and costs.

St. Regis first sought review in this court, contending in part that the Uniform Commercial Code, and specifically RCW 62A.3–403, prohibits the admission of parol evidence to vary the capacity in which an individual signs an instrument, even where a party is attempting to obtain reformation due to mutual mistake, unless some apparent ambiguity exists on the face of the note with respect to the capacity in which the person signed the note.

The case was transferred to the Court of Appeals which reversed the trial court in a decision filed on May 29, 1979, and later amended on October 18, 1979. *St. Regis Paper Co. v. Wicklund,* 24 Wn. App. 552, 562, 597 P.2d 926 (1979). The Court of Appeals stated at the end of its opinion: "We conclude that the plaintiff's objection to parol evidence to vary and explain the terms of the unambiguous promissory note should have been sustained."

Two issues are presented: (1) Did the trial court err in allowing parol evidence to establish that the parties intended only the corporation to be liable on the promissory note? and (2) Did the trial court err in reforming the note to indicate that Wicklund signed only as an agent of Wicklund Builders, Inc.?.

As to the first issue, St. Regis contends the admission of parol evidence is prohibited by the Uniform Commercial Code, specifically RCW 62A.3–403. This section provides:

> (1) A signature may be made by an agent or other representative, and his authority to make it may be established as in other cases of representation. No particular form of appointment is necessary to establish such authority.
> (2) An authorized representative who signs his own name to an instrument
> (a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;

(b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.

(3) Except as otherwise established the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity.

St. Regis also cites the official comments to section 2(a) which states "A signature [of the agent alone] . . . personally obligates the agent and parol evidence is inadmissible under subsection (2)(a) to disestablish his obligation." U.C.C. § 3–403, Comment 3.

Wicklund, however, contends reformation because of mutual mistake is available regardless of RCW 62A.3–403. In *Akers v. Sinclair,* 37 Wn.2d 693, 226 P.2d 225 (1950), we stated the rule on reformation for mutual mistake:

"Where both parties have an identical intention as to the terms to be embodied in a proposed written conveyance, assignment, contract or discharge, and a writing executed by them is materially at variance with that intention, either party can get a decree that the writing shall be reformed so that it shall express the intention of the parties, if innocent third persons will not be unfairly affected thereby." 2 Restatement of Contracts, 968, § 504.

*Akers,* at 702. In *Leonard v. Washington Employers, Inc.,* 77 Wn.2d 271, 278, 461 P.2d 538 (1969), we said:

In the first place, the parol evidence rule is not applicable in actions for reformation. *Akers v. Sinclair,* 37 Wn.2d 693, 226 P.2d 225 (1950); *Nadreau v. Mayerotto,* 35 Wn.2d 740, 215 P.2d 681 (1950). The reason is clear. The remedy of reformation is granted when necessary to conform a writing to correctly reflect the agreement actually reached by the parties. *Thorsteinson v. Waters,* 65 Wn.2d 739, 399 P.2d 510 (1965); *Tenco, Inc. v. Manning,* 59 Wn.2d 479, 368 P.2d 372 (1962); *McKelvie v. Hackney,* 58 Wn.2d 23, 360 P.2d 746 (1961). In order to determine whether there was a mutual understanding

which preceded the writing, and if so, what the mutual understanding was, parol must be admitted before a court can pass upon the question of whether the writing should be reformed.

Does RCW 62A.3–403 eliminate the equitable remedy of reformation because of mutual mistake and prohibit the admission of parol evidence to prove mutual mistake? We hold it does not.

RCW 62A.1–103 states:

Unless displaced by the particular provisions of this Title, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, *mistake,* bankruptcy, or other validating or invalidating cause shall supplement its provisions.

(Italics ours.)

The official comments to this section state:

Purposes of Changes:

1. . . . [T]his section indicates the continued applicability to commercial contracts of all supplemental bodies of law except insofar as they are *explicitly* displaced by this Act . . .

(Italics ours.) U.C.C. § 1–103, Comment 1.

█ There is nothing in RCW 62A.3–403 which explicitly—or indeed even by reference—states the equitable remedy of reformation because of mutual mistake is no longer available. Neither by case law nor by the statutes of this state has reformation because of mutual mistake been eliminated. The defense was raised properly by defendant and parol evidence as to mutual mistake was properly admitted by the trial court. *See* J. White & R. Summers, *Uniform Commercial Code* § 2–11, p. 75–76 (1972).

The Court of Appeals was correct in its contention the signature on the note was unambiguous and thus not subject to explanation by parol evidence. However, it is not the contention of defendant that the signature is ambiguous but rather that it was a mutual mistake that the note itself was signed by Wicklund in his individual capacity.

The Court of Appeals reexamined the evidence and came to the conclusion it did not establish by clear, cogent and convincing evidence that there had been a mutual mistake.

Initially, it should be pointed out that, contrary to the contention of the Court of Appeals, the trial court did make findings establishing reformation. In finding of fact No. 11, the trial court stated:

> The evidence is clear, cogent and convincing that the promissory note as drafted and executed did not embody the intent of the parties and that a mutual mistake was made in failing to indicate that defendant, Verne Wicklund, was signing the note in his representative capacity as president of Wicklund Builders, Inc. and was not intended to be personally bound on the note which was intended to be the obligation of Wicklund Builders, Inc. only.

Similar references were made by the trial court in its conclusions of law, oral decision and judgment.

An appellate court will sustain findings of fact which are supported by substantial evidence. *Grayson v. Nordic Constr. Co.*, 92 Wn.2d 548, 599 P.2d 1271 (1979); *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959). This well established doctrine was ignored by the Court of Appeals. While it may well be the Court of Appeals would have weighed the evidence differently and given greater or lesser credence to certain witnesses, the proper function of an appellate court is to consider whether there was substantial evidence to support the findings of the trial court. We have carefully reviewed the report of proceedings and find there was substantial evidence to support the findings of the trial court.

The Court of Appeals is reversed and the judgment of the trial court is reinstated.

UTTER, C.J., and ROSELLINI, STAFFORD, WRIGHT, BRACHTENBACH, HOROWITZ, HICKS, and WILLIAMS, JJ., concur.