**In re Jerry Allen CZEBOTAR, whose wife is Wendy Lynn Czebotar, d/b/a Czebotar Farms, Bankrupt.**

**GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff,**

**v.**

**Madison R. JONES, as Trustee of the Estate of Jerry Allen Czebotar, whose wife is Wendy Lynn Czebotar, d/b/a Czebotar Farms, Defendant.**

**Bankruptcy No. B–79–84.**

United States Bankruptcy Court, E. D. Washington.

July 30, 1980.

**380**

Joseph J. Rekofke, of the law firm of Winston & Cashatt, Spokane, Wash., for plaintiff.

Madison R. Jones, of the law firm of Jones & Biggs, Walla Walla, Wash., for defendant, Madison R. Jones.

## MEMORANDUM DECISION

L. WARDEN HANEL, Bankruptcy Judge.

### FACTS

On or about July 1, 1978 the bankrupt purchased from Jim Lahtinen Buick Company in Pasco, Washington a used 1976 GMC ½ ton pick-up truck. The security interest in the vehicle as well as the retail contract were subsequently assigned to GMAC who duly perfected the security interest in the vehicle as required by R.C.W. 62A.9–302(3). The contract also provided that GMAC would retain a security interest under the Uniform Commercial Code in any proceeds to secure payment of the obligation. Finally, the contract provided that the bankrupt should keep the vehicle effectively and adequately covered by physical damage insurance throughout the duration of the contract.

On January 11, 1979 an accident occurred involving the bankrupt in a head-on collision between himself and a third person while the bankrupt was driving the truck in question. Shortly thereafter, on January 26, 1979, Mr. Czebotar filed a petition in bankruptcy. Subsequent to that time the third party's insurance company, by a check made payable to both the trustee and the bankrupt, paid $3,285.44 for damages done to the truck.

Finally, on January 30, 1980, GMAC filed a complaint seeking to force the trustee to surrender $2,475.85 of the amount held by the trustee claiming it represented the remaining unpaid balance on the contract at the time the bankruptcy petition was filed.

### ISSUE

The issues presented to this Court for its determination are whether GMAC held a security interest in the proceeds of the insurance policy under the Uniform Commercial Code or whether an equitable lien should be imposed in favor of the plaintiff in the amount of $2,475.85.

### CONCLUSION

In a case such as this the plaintiff will be successful in claiming the proceeds of an insurance policy if it has either properly perfected a security interest in such or, alternatively, equity requires the Court to impose an equitable lien on the funds.

In the instant case it is clear that the plaintiff took and perfected a valid security interest in the collateral which was subsequently destroyed. It, however, never perfected under the requirements of the Uniform Commercial Code the security interest it held in proceeds of the collateral. Assuming for the moment that the bankrupt had sold the vehicle to a third party without

the permission of the plaintiff it is clear that under Washington law the plaintiff's security interest would have continued to attach to the vehicle but that the plaintiff would have no right to the proceeds of the sale since it failed to properly perfect pursuant to R.C.W. 62A.9–306. Thus, in an action between a trustee in bankruptcy and the plaintiff the former would be successful in recovering the proceeds free and clear of the plaintiff's security interest. See, R.C.W. 62A.9–301.

The problem presented to the Court in the instant case, however, is not that easy to resolve. By reference to state law it is not at all clear that the plaintiff could have perfected a security interest in proceeds of the insurance policy had it desired to do so. While some state legislatures have affirmatively amended their respective versions of the Uniform Commercial Code to reflect the fact that "proceeds" include proceeds from insurance policies and in other states it has been done so judicially, neither the Washington legislature nor the judiciary has expressed a preference in this matter.

■ Assuming for the moment that this Court were to find that the Washington Supreme Court would hold, if confronted with the issue, that proceeds of an insurance policy are within the definition of "proceeds" under the Uniform Commercial Code. This Court could not in fairness apply that definition to the instant case. If this dispute involved only the bankrupt and the plaintiff application of this definition would not work an injustice since as between them it would not matter whether the security interest in proceeds was duly perfected or not. See, R.C.W. 62A.9–203. But where, as here, the creditor must now withstand the trustee's power to avoid unperfected security interests an injustice would result. This creditor should not now be judged against strict requirements of compliance which neither the legislature nor the judiciary required of it at the time the transaction occurred. Since state law never required the creditor to perfect a security interest in proceeds of an insurance policy under the Uniform Commercial Code

it is the holding of this Court that in this case such a requirement is not necessary.

■ Before next discussing whether an equitable lien should be imposed in this case it is necessary to first discover whether equitable liens are recognized under Washington law since state law controls in this area. *In re Dean and Jean Fashions, Inc.*, 329 F.Supp. 663 (D.C.Okl.1971). Given the proper circumstances Washington has long recognized them (*Hossack v. Graham*, 20 Wash. 184, 55 P. 36 (1898)) and continues to do so today (*Northern Commercial Company v. E. J. Hermann Company, Inc.*, 22 Wash.App. 963, 593 P.2d 1332 (1979)) notwithstanding the enactment of Article Nine of the Uniform Commercial Code. R.C.W. 62A.1–103. See, *General Ins. Co. of America v. Lowry*, 570 F.2d 120 (6th Cir. 1978); *St. Regis Paper Company v. Wicklund*, 93 Wash.2d 497, 610 P.2d 903 (1980).

Since equitable liens are recognized in Washington the Court now must decide if one should be imposed in the instant case. Equitable liens, it has been said, arise from either a written contract which shows an intention to charge some particular res with a debt or obligation or is declared by a court of equity out of general considerations of right and justice in order to avoid unjust enrichment. See, *Bennett Construction Company, Inc. v. Allen Gardens, Inc.*, 433 F.Supp. 825 (D.C.Mo.1977); *Caldwell v. Armstrong*, 342 F.2d 485 (10th Cir. 1965). Washington Courts are in accord. *Monegan v. Pacific National Bank*, 16 Wash.App. 280, 556 P.2d 226 (1976).

■ Applying the above requirements to the case at bar it is clear that under either alternative the Court should impose an equitable lien in favor of the plaintiff. First, there was a written contract between the buyer and seller whereby it was agreed that for so long as there remained an unpaid balance owing on the contract that the bankrupt would maintain a physical damage insurance policy. There could be no other reason for such a requirement except to protect the seller in the event the collateral was destroyed. At the time the insurance company paid off under the policy

**382**

there was no res which the parties earlier contemplated should be used to satisfy the remaining obligation. An equitable lien should now be imposed to enforce that agreement.

■ Secondly, justice requires the Court impose an equitable lien to the extent of $2,475.85 under section 70(a) of the Bankruptcy Act (11 U.S.C. § 110). The trustee in bankruptcy is vested by operation of law only with that title which the bankrupt had in his property as of the date he filed the petition. That title is subject to the imposition of equitable liens. It is clear that had the accident not occurred GMAC would have had the right to reclaim its collateral in order to recover the balance owing. The trustee would take only the remainder. It is only due to an unforeseen and unfortunate event for which the creditor did all it could to protect itself that the vehicle in question was not in the condition it would have been had the thirty party not been negligent. To allow the trustee to retain the proceeds of such a fortuitous event would unjustly enrich unsecured creditors at the expense of a secured one.

On the basis of the foregoing Memorandum Opinion which is hereby adopted as my Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 752 it is

ORDERED that the $3,285.44 held by the trustee is imposed with an equitable lien in the amount of $2,475.85 in favor of the plaintiff, General Motors Acceptance Corporation and the same should be surrendered.

FURTHER ORDERED that counsel for General Motors Acceptance Corporation submit an Order in conformity with the foregoing.